# In the United States Court of Federal Claims

No. 19-1749C
(Filed: February 5, 2020)

|  |  |  |
|---|---|---|
| DOE NO. 1, et al., | ) ) ) | Keywords: Protective Order; Anonymity; FLSA; Overtime Pay; Federal Bureau of Investigation; English Monitor Analyst |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| THE UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) ) ) ) | |

*Alice Hwang*, James & Hoffman, P.C., Washington, DC, for Plaintiff, with whom were *Daniel M. Rosenthal*, *Michael Ellement*, James & Hoffman, P.C., Washington, DC, and *Linda Lipsett*, *Jules Bernstein*, *Michael Bernstein*, Berstein & Lipsett, P.C., Washington, DC, Of Counsel.

*Kyle S. Beckrich*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for Defendant, with whom were *Reginald T. Blades, Jr.*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joseph H. Hunt*, Assistant Attorney General.

## OPINION AND ORDER

**KAPLAN, Judge.**

      Plaintiffs in this case are English Monitor Analysts ("EMAs") employed by the Federal Bureau of Investigation ("FBI"). They allege that the FBI improperly classified them as exempt from the Fair Labor Standards Act ("FLSA") and thus failed to compensate them for work performed on an overtime basis. Compl. ¶ 23, ECF No. 1.

      Presently before the Court is Plaintiffs' motion for a protective order and for permission to file their claims anonymously. Pls.' Mot. for a Protective Order & to Permit Pls. & Putative Class Members to File Their Claims Anonymously ("Pls.' Mot.") at 1, ECF No. 2. The government opposes the motion. It argues that Plaintiffs "have not overcome the presumption of public identity or demonstrated with particularity the necessity for proceeding anonymously." Def.'s Opp'n to Pls.' Mot. for a Protective Order & to Permit Pls. & Putative Class Members to File Their Claims Anonymously ("Def.'s Opp'n") at 2, ECF No. 8.

      For the following reasons, the Court finds the government's arguments meritless. Plaintiffs' motion is therefore **GRANTED**.

## BACKGROUND

EMAs employed by the FBI occupy positions that are classified as national security sensitive. They "transcribe wires and recordings, including in criminal cases and government investigations" and "support all offices within the agency, including those involved in counterterrorism and counterintelligence." Pls.' Mot. at 2. Their work exposes them to "classified and confidential" information. Id.

Because of the sensitive nature of their positions, the FBI cautions EMAs against revealing their job titles and responsibilities to anyone outside the agency or from posting such information on social media. Pls.' Reply Br. in Support of Pls.' Mot. ("Pls.' Reply") Ex. A, Decl. of Doe No. 1 ("Doe No. 1 Decl."), ¶¶ 6–7, ECF No. 11-1; Pls.' Reply Ex. B, Decl. of Doe No. 2 ("Doe No. 2 Decl."), ¶ 6, ECF No. 11-2. In fact, the FBI has warned EMAs that, "because of [their] position[s], foreign intelligence officers or terrorist organizations may attempt to befriend [them] and extort [them] for access to classified information." Doe No. 2 Decl. ¶ 9. The FBI has also advised EMAs "to take precautions when leaving work, such as to take different routes home, to avoid being tracked by people that may want to do [them] harm because [they] work for the FBI." Id. ¶ 7; see also Doe No. 1 Decl. ¶ 11.

Plaintiffs request that the Court issue a protective order and permit putative class members to proceed anonymously. Plaintiffs wish "to file under seal confidential versions of pleadings and other documents, including consent forms required by the [FLSA]." Pls.' Mot. at 1. Plaintiffs argue that it is "essential that [they] and putative class members be permitted to file their claims for violations of the FLSA anonymously to conceal their identities from discovery by possible targets of assignments and job duties." Id. at 2. They allege that if their identities are revealed, they may be unable to "adequately perform[] their job duties" and may "suffer harm." Id. They also allege that revealing their identities may "impede or impair the effectiveness of an investigative technique, method, or procedure." Id. Thus, Plaintiffs argue that "it is in the interest of all parties herein" to permit Plaintiffs to file their claims anonymously. Id. at 3. The government opposes Plaintiffs' motion because, in its view, the Plaintiffs have provided "nothing more than an unsubstantiated allegation that there is a possibility of harm if [they] proceed with their suit publicly." Def.'s Opp'n at 2.

Oral argument was held on the motion on January 17, 2020. ECF No. 16.

## DISCUSSION

"Identifying all parties to a lawsuit facilitates public scrutiny of judicial proceedings." Doe No. 1 v. United States, 143 Fed. Cl. 238, 240 (2019) (citing Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000)). Thus, under Rule 10(a) of the Rules of the Court of Federal Claims ("RCFC"), all complaints filed in this court must name all of the plaintiffs in a lawsuit and all subsequent pleadings must name at least the first plaintiff.

RCFC 10(a) notwithstanding, "[s]ecrecy" may be necessary under certain circumstances to "protect a person from harassment, injury, ridicule or personal embarrassment." Id. (quoting Advanced Textile, 214 F.3d at 1067). To determine whether a party may proceed anonymously or shield other information from public view, courts must balance the plaintiff's interests

2

"against both the public interest in disclosure and any prejudice to the defendant." Id. (quoting Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189 (2d Cir. 2008)).

Several judges of this court have applied the five-factor test set forth in Advanced Textile to decide whether a plaintiff may proceed anonymously. See, e.g., Boggs v. United States, 143 Fed. Cl. 508, 511–12, 520 (2019) (using test to deny similar request where some plaintiffs' names had already been public for sixteen months); Doe No. 1, 143 Fed. Cl. at 240, 242 (using test to grant request for Bureau of Alcohol, Tobacco, Firearms and Explosives employees to proceed anonymously in FLSA action); Whalen v. United States, 80 Fed. Cl. 685, 691, 693 (2008) (invoking the five factors set forth in Advanced Textile but requesting additional information); Wolfchild v. United States, 62 Fed. Cl. 521, 552–53, 555 (2004), rev'd on other grounds, 559 F.3d 1228 (Fed. Cir. 2009) (applying the five factors set forth in Advanced Textile and permitting several plaintiffs to file anonymously). Under that test, courts balance the severity of the threatened harm, the reasonableness of the anonymous party's fears, and the anonymous party's vulnerability to retaliation against the prejudice to the government and the public interest. Advanced Textile, 214 F.3d at 1068–69.

Considering these factors, the Court finds that the Plaintiffs have overcome the presumption against proceeding anonymously. First, the harm against which Plaintiffs seek protection is a severe one. They allege that revealing their identities will create a risk of physical harm to themselves and their families and could make them susceptible to extortion by foreign agents or criminals. See Doe No. 1 Decl. ¶ 5 (stating that "[b]ecause of my knowledge of foreign intelligence operations, I fear that my life, and the lives of members of my family, would be endangered if I publicly reveal that I am an EMA"); Doe No. 2 Decl. ¶ 9 ("I am fearful that if my name or job title were made public in this case, it would make it easier for [foreign intelligence officers or terrorist organizations] to find me and attempt to force me to reveal classified information."). In fact, at least some of the Plaintiffs have taken measures to guard against these risks. Doe No. 1 Decl. ¶ 11 (stating that Doe No. 1 "take[s] different routes home from work to avoid tracking by persons attempting to harm me because I work for the FBI"); Doe No. 2 Decl. ¶ 8 (stating that "I generally do not tell people that I work for the FBI when I first meet them . . . many of [my close friends and family members] believe that I am a transcriptionist . . . and are unaware that I now work in a more dangerous role involving foreign intelligence and surveillance."). And both Does No. 1 and 2 have submitted declarations stating that they would likely withdraw from the case if the Court does not grant their request for anonymity. See Doe No. 1 Decl. ¶ 12; Doe No. 2 Decl. ¶ 11.

The government's contention that Plaintiffs' stated fears are not objectively reasonable, see Def.'s Sur-reply in Opp'n to Pls.' Mot. ("Def.'s Sur-reply") at 1–2, ECF No. 19, is not credible. The FBI has advised all of its employees that—to avoid risks to their personal safety among other things—they should not reveal to others that they work for the agency. See Doe No. 1 Decl. ¶ 6; Doe No. 2 Decl. ¶¶ 6–7. And in prior litigation under the Freedom of Information Act, the federal government has taken the position that—in light of risks identical to those Does 1 and 2 have identified—"ALL FBI employees have an extremely strong privacy interest in their names, duty stations, award and prior data element information." Long v. Office of Pers. Mgmt., No. 5:05-CV-1522, 2007 WL 2903924, at *10 (N.D.N.Y. Sept. 30, 2007), aff'd, 692 F.3d 185 (2d Cir. 2012).

Further, in affirming the district court's decision in favor of non-disclosure, the court of appeals explicitly recognized that revealing the names of federal employees who occupy national security-sensitive positions like Plaintiffs' "could permit the targeting of [those] employees and their families outside the workplace." Long, 692 F.3d at 192. And the FBI has warned its EMAs in particular that, due to their access to classified information, they are susceptible to extortion and physical harm. See Doe No. 2 Decl. ¶ 9; see also Doe No. 1 Decl. ¶¶ 5, 9. The Court therefore rejects the government's arguments in this case that Plaintiffs' fears of the adverse consequences of their public identification as EMAs are overstated or unreasonable.

On the other side of the balance, the government admits that it would not be substantially prejudiced if Plaintiffs were to proceed anonymously in this case. Hr'g on Pls.' Mot. at 2:22:49–58. And in the Court's view, the public interest in knowing the names of the Plaintiffs is outweighed by the risk of harm they face. While there is, of course, a general interest in judicial transparency, that interest will not be significantly compromised in this case given that the issue presented by this litigation is a purely legal one: whether, given their job duties, the Plaintiffs were properly exempted from the FLSA. Beyond a general interest in judicial transparency, the government provides no particular reason why the public would have an interest in knowing the names of these Plaintiffs.

Finally, the Court is not persuaded by the government's contention that granting Plaintiffs anonymity in this case will necessarily mean that "any time an FBI employee is a party to a lawsuit, that employee should be permitted to proceed anonymously." Def.'s Sur-reply at 2. The plaintiffs in this case hold positions of particular sensitivity within the agency, as they may be privy to classified counterintelligence and counterterrorism information. The revelation of their names puts them at particular risk of harm, as the FBI has implicitly acknowledged in its warnings to them. In addition, the government has conceded that it will not be prejudiced by allowing them to proceed anonymously, and the Court has concluded that the public interest in judicial transparency is not significantly compromised by allowing them to do so. The Court's reasoning does not foreclose the possibility that the balance may be struck differently in another case.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for a protective order and for permission to proceed anonymously is **GRANTED**. The Court will issue a protective order separately.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge